UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eite Recovery LLC,<br><br>    Appellant<br>v.<br><br>Get Fresh Sales Inc., et al.,<br><br>    Appellees | Case No.: 2:23-cv-00507-JAD<br><br>**Order Granting Motion to Seal**<br><br>[ECF No. 23] |

Eite Recovery LLC, the appellant in this bankruptcy appeal, moves to seal three exhibits attached to its opening brief.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[5]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[6] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records"

---

[1] ECF No. 23.

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[5] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[6] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[7] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [FRCP] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[8]

I find that the higher, compelling-reasons standard applies in this context because the underlying brief is dispositive as it addresses the merits of this appeal. The exhibits contain confidential business and financial information that, if released, could potentially damage the parties. I thus conclude that there are compelling reasons to seal those exhibits in their entirety.

Accordingly, I **GRANT** Eite Recovery's motion to seal [ECF No. 23]; **the Clerk of Court is directed to MAINTAIN THE SEAL on ECF Nos. 24–48**.

_____
U.S. District Judge Jennifer A. Dorsey
June 7, 2023

---

[7] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[8] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).